THE PEOPLE *v.* LA COMPAÑÍA DE LANCHAS DEL COMERCIO.

APPEAL from the District Court of Ponce.

No. 245.—Decided June 13, 1910.

CRIMINAL LAW—COLLECTION OF MUNICIPAL LICENSES AND TAXES.—Upon an ex-
amination of the complaint in this case, it appears sufficient, because the
facts therein alleged constitute a violation of section 81 of the Municipal
Law, approved March 8, 1906.

ID.—ALTERNATIVE IMPRISONMENT—PAYMENT CF FINE.—A judgment condemning
a company for violation of section 81 of the Municipal Law, approved
March 8, 1906, to pay a fine of $15 and costs, or in default thereof, to
undergo one day of imprisonment for every dollar defaulted, should be
modified so as to make the payment of the fine compulsory for the obliga-
tion to pay constitutes a lien, according to the provisions of section 325 of
the Code of Criminal Procedure.

ID.—IMPOSITION OF A FINE UPON A COMPANY.—According to section 460 of the
Code of Criminal Procedure, where a fine is imposed upon a company, it
may be collected by virtue of the order imposing it, by the officer of the
court, out of its real or personal property.

The appellant did not appear.

*Mr. Jesús M. Rossy, fiscal,* for respondent.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the
court.

This case originated in the justice of the peace court
of Ponce, upon a complaint made on November 20, 1909, by
Pedro Vivas Valdivieso, municipal inspector, against the
Compañía de Lanchas del Comercio, for violation of the mu-

nicipal law and an ordinance of that city governing the collection of municipal taxes and licenses, the said violation consisting in that the said company operated at the playa a number of barges, as a public carrier, without having paid the municipal commercial license tax, corresponding to the first semester of the fiscal year 1909-10, and the previous years amounting to $368, which it should have paid on 22 barges which it had in operation.

Judgment having been rendered on November 22 by the justice of the peace court, the defendant took an appeal therefrom to the District Court of Ponce, which, after holding a new trial, condemned the defendant company to pay a fine of $15 and costs and, in case of failure to pay the fine, to serve one day in jail for each dollar which it might so fail to pay, and this judgment was also appealed to the Supreme Court by the Compañía de Lanchas del Comercio.

No bill of exceptions or statement of the case has come up in the record, nor has the appellant filed any written brief or made any oral argument in support of the appeal. Upon an examination of the complaint, we find that the facts therein alleged constitute the offense defined in section 81 of the Municipal Law, approved March 8, 1906, and punished by a fine of $15, by section 5 of the ordinance passed by the municipal council of Ponce, to govern the payment of municipal taxes and licenses, and for the use of the waters of the acqueduct and other purposes.

In regard to the judgment, it appears that the trial court has left it to the choice of the defendant to either pay the $15 fine or serve the jail sentence, when, as a matter of fact, the payment of the fine is obligatory because it constitutes a lien according to the provisions of section 325 of the Code of Criminal Procedure.

Furthermore, section 460 of the Code above referred to requires that, where a fine is imposed upon a company, it may be collected by virtue of the order imposing it, by the officer of the court, out of its real or personal property.

For the reasons set forth, we are of the opinion that the judgment appealed from should be affirmed in so far as the Compañía de Lanchas del Comercio is condemned to pay a fine of $15 and the costs, for the violation of the law of which it was guilty, and the said fine and costs should be collected by execution against any real or personal property possessed by the company.

*Affirmed.*

Justices MacLeary, Wolf and del Toro concurred.

Mr. Justice Figueras did not sit at the hearing of this case.